IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

**FILED**
AUG - 5 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| IAP WORLDWIDE SERVICES, INC.<br>7315 N. Atlantic Avenue<br>Cape Canaveral, FL 32920,<br><br>Plaintiff,<br><br>v.<br><br>HILDA L. SOLIS, Secretary of Labor, in her official capacity; PATRICIA A. SHIU, Director, Office of Federal Contract Compliance Programs, in her official capacity; UNITED STATES DEPARTMENT OF LABOR, and OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS,<br><br>Defendants. | Case Number<br><br>Case: 1:11-cv-01422<br>Assigned To : Sullivan, Emmet G<br>Assign. Date : 8/5/2011<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff IAP Worldwide Services, Inc. ("IAP"), by and through its attorneys, hereby files this complaint for declaratory and permanent injunctive relief against Hilda L. Solis, Secretary of Labor, in her official capacity, Patricia A. Shiu, Director, Office of Federal Contract Compliance Programs, in her official capacity, the United States Department of Labor, and the Office of Federal Contract Compliance Programs, (collectively, "Defendants"), and states as follows:

### NATURE OF THE ACTION

1. This action arises out of the recent decision of the Office of Federal Contract Compliance Program ("OFCCP"), a sub-agency of the United States Department of Labor ("DOL"), to release certain confidential and commercially sensitive information pursuant to a Freedom of Information Act ("FOIA") request despite IAP's specific objections to the release of this information. The information at issue consists of confidential commercial and competitively

sensitive data contained in a confidential settlement agreement that was voluntarily provided to OFCCP. This is the type of information that is customarily protected from public disclosure, and it is information that, if released, would cause substantial competitive harm to IAP. Release of this information would also have a chilling effect on settlements and on the provision of settlement information to the Government. Accordingly, IAP respectfully requests this Court to hold that the information at issue constitutes confidential commercial information that is exempt from disclosure under FOIA Exemption 4 and that is prohibited from disclosure pursuant to the Trade Secrets Act. In addition, IAP respectfully requests this Court to permanently enjoin Defendants from releasing this information. DOL and OFCCP have voluntarily agreed to withhold release of the information at issue pending resolution of this matter by this Court; therefore, IAP is not seeking a temporary restraining order or a preliminary injunction at this time.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, including FOIA, 5 U.S.C. § 552, the Trade Secrets Act, 18 U.S.C. § 1905, and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. IAP also invokes this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

3.    Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e).

## PARTIES

4.    Plaintiff IAP Worldwide Services, Inc. is a Delaware corporation with its principal place of business in Cape Canaveral, Florida. IAP is an international contractor

...

providing global mission support for commercial industries, the Department of Defense, and other U.S. government agencies.

5. Defendant Hilda L. Solis is the Secretary of Labor.

6. Defendant DOL is a Department of the Executive Branch of the United States Government. DOL is responsible for and has ultimate authority and control over the OFCCP.

7. Defendant Patricia A. Shiu is the Director of the Office of Federal Contract Compliance Programs.

8. Defendant OFCCP is a sub-agency of the DOL. It is responsible for enforcing affirmative action and equal employment opportunity among federal government contractors.

## STATEMENT OF FACTS

9. IAP is a global company that provides a broad range of services for the United States and foreign governments. IAP employs over 7,000 individuals operating in 120 locations in 27 countries around the world.

10. On or about September 3 and October 14, 2010, IAP received letters from OFCCP notifying it that an IAP employee had filed a complaint with the OFCCP.

11. In February 2011, IAP and the employee reached a Settlement Agreement and Release ("Agreement") to fully resolve and dispose of the employee's complaint and any other issues that might exist between the parties.

12. Under the terms of the Agreement, both parties agreed to protect the confidentiality of the content and terms of the Agreement, including the settlement amount.

13. On or about February 17, 2011, the employee sent a letter to OFCCP withdrawing her complaint. That letter also specified the settlement amount.

14. On or about June 27, 2011, IAP received a letter from OFCCP notifying IAP that OFCCP had received a request for disclosure under FOIA seeking the disclosure of certain documents related to an IAP complaint investigation.

15. Included with this letter were two documents that OFCCP believed "may contain [IAP's] trade secrets, commercial or financial information."

16. One of the documents OFCCP identified was the employee's February 17, 2011 letter withdrawing her complaint.[1]

17. On July 11, 2011, IAP responded to OFCCP's June 27 letter, noting its objection to the release of the settlement amount and proposing a redacted version of the notice of withdrawal that excluded this confidential, commercial, and competitively sensitive data.

18. In that same letter, IAP informed OFCCP that the settlement amount included in the withdrawal notice was voluntarily provided and contained information that was not of the kind that would be released to the public. IAP explained that the information was therefore protected from disclosure under Exemption 4 pursuant to *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871 (D.C. Cir. 1992) (*en banc*).

19. IAP likewise noted that the information consisted of highly confidential data the disclosure of which would cause substantial competitive harm to IAP. Therefore, IAP stated that even if the submission of the information to OFCCP were compelled, Exemption 4 protects against release of that data pursuant to *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974).

---

[1] The second document OFCCP identified was a letter from IAP to OFCCP describing EEO training that IAP intended to provide. OFCCP disagreed with IAP's objection to the disclosure of certain information in that letter concerning the cost of that training, but IAP no longer is pursuing that objection. OFCCP agreed with IAP's objection to the disclosure of certain other information in IAP's and the employee's letters.

20. IAP also explained that the data was protected from disclosure under the terms of the Agreement.

21. On or about July 25, 2011, IAP received a response from OFCCP, rejecting its proposed redaction of the monetary amount of the Agreement, concluding without supporting citations or explanation that "financial remedies" are not exempt from disclosure pursuant to Exemption 4 of FOIA.

22. After rejecting IAP's objection to the release of this information, OFCCP informed IAP that it intended to release the information on August 5, 2011.

23. IAP will suffer irreparable commercial and financial harm from the release of the information at issue here.

24. OFCCP and the government will suffer no harm from the nondisclosure of this information to the public or to the FOIA requester.

25. Protecting the information at issue will serve the public interest by protecting confidential commercial information that is competitively sensitive, and by preserving the willingness of companies to enter into settlement agreements and to provide settlement information to the government without fear of public disclosure of settlement terms.

26. On August 4, 2011, DOL and OFCCP voluntarily agreed to withhold release of this information pending resolution of this matter by this Court.

## COUNT 1
## (FOIA EXEMPTION 4)

27. IAP hereby incorporates paragraphs 1-26 above.

28. The information at issue is confidential commercial data that was voluntarily submitted to the government and is of the kind that would not customarily be released to the public.

29. Release of the data at issue would cause substantial competitive harm to IAP.

30. Release of the data at issue would also have a chilling effect on the willingness of companies to settle and to submit settlement information to the government.

31. The data at issue is exempt from disclosure under FOIA Exemption 4, 5 U.S.C. § 552(b)(4).

32. Release of this information therefore is in violation of Section 706 of the APA, 5 U.S.C. § 706.

## COUNT 2
## (TRADE SECRETS ACT)

33. IAP hereby incorporates paragraphs 1-32 above.

34. The information at issue constitutes trade secrets under the Trade Secrets Act, 18 U.S.C. § 1905.

35. The settlement amount is confidential, commercial, and competitively sensitive information. Release of this information thus is prohibited by the Trade Secrets Act, and such release violates Section 706 of the APA, 5 U.S.C. § 706.

## COUNT 3
## (ARBITRARY AND CAPRICIOUS AGENCY ACTION)

36. IAP hereby incorporates paragraphs 1-35 above.

37. OFCCP's decision to release the information is arbitrary and capricious under Section 706 of the APA, 5 U.S.C. § 706.

## COUNT 4
### (DECLARATORY JUDGMENT ACT)

38. IAP hereby incorporates paragraphs 1-37 above.

39. This Court has authority to declare the rights of IAP with respect to the information that OFCCP intends to disclose, as follows:

   a. The information at issue is confidential, commercial, financial data voluntarily obtained by OFCCP from a person, is the kind of information customarily kept confidential and not released to the public, and therefore is exempt from release by FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and the Trade Secrets Act, 18 U.S.C. § 1905;

   b. The information at issue is confidential, commercial, financial data obtained by OFCCP from a person, there is current and potential competition in the market in which IAP competes, release or disclosure of the data at issue likely would result in substantial competitive harm to IAP, and therefore the information is exempt from release by FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and the Trade Secrets Act, 18 U.S.C. § 1905;

   c. The information at issue is confidential, commercial, financial data concerning settlement terms obtained by OFCCP from a person, and release of this information will have a chilling effect on the submission of settlement information to the government, and therefore the information is exempt from release by FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and the Trade Secrets Act, 18 U.S.C. § 1905; and

    d. OFCCP's decision to release the information at issue is arbitrary, capricious, or otherwise contrary to law in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## PRAYER FOR RELIEF

WHEREFORE, IAP respectfully requests this Court to:

(A) Declare that the information at issue is exempt from release by FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and the Trade Secrets Act, 18 U.S.C. § 1905;

(B) Declare that OFCCP's decision to release the information at issue is arbitrary, capricious, or otherwise contrary to law in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701-706;

(C) Permanently enjoin the Secretary of Labor, DOL, the Director of OFCCP, and OFCCP, and their officers, agents and employees, and those acting in concert with them, from disclosing the information at issue; and

(D) Order such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
J. Alex Ward (DC Bar No. 463927)
Carrie Apfel (DC Bar No. 974342)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001
Telephone: (202)639-6000
Facsimile: (202)661-6066
*Attorneys for Plaintiff IAP Worldwide Services, Inc.*

DATE: August 5, 2011